J-A26016-16

2016 PA Super 259

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                            :
            v.                              :
                                            :
                                            :
                                            :
MELVIN TAYLOR SOLOMON                        :
                                            :
            Appellant                       : No. 1209 WDA 2015

Appeal from the Judgment of Sentence October 13, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016014-2012

BEFORE:  BENDER, P.J.E., RANSOM, J., MUSMANNO, J.

OPINION BY RANSOM, J.:                      **FILED NOVEMBER 22, 2016**

Melvin Taylor Solomon (Appellant) appeals from the judgment of sentence of seven and one-half to fifteen years of imprisonment. This sentence was imposed after Appellant entered a guilty plea to aggravated assault, attempting to elude a police officer, reckless endangerment, driving without a license, and driving at an unsafe speed.[1] We affirm.

The trial court outlined the relevant factual history as follows:

> [In September of 2012, Appellant] was driving [an SUV] recklessly in the Homewood Section of the City of Pittsburgh. City of Pittsburgh Police Officer Baker[, who was in a marked police vehicle with his partner Police Officer Schutz,] decided to initiate a traffic stop. Instead of stopping, however, [Appellant] fled. The pursuit went from the City of Pittsburgh through the Boroughs of Wilkinsburg, Churchill, Penn Hills and, ultimately,

---

[1] Respectively, **see** 18 Pa.C.S. §§ 2702(a)(1), 3733(a), 2705; 75 Pa.C.S. §§ 1501(a), and 3361.

into Verona, Pennsylvania. At this time, [Appellant] brought the vehicle to an abrupt stop in an alleyway in Verona. [Appellant] traveled in excess of eighty miles per hour during this pursuit. Once [Appellant] brought the vehicle to a stop in this alley both Officer Baker and []Officer Schutz[] exited [their] vehicle[, which was stopped approximately fifteen feet behind Appellant]. Rather than comply with the Officers' warnings, [Appellant] put the vehicle in reverse and drove in reverse toward the police vehicle. [Appellant] missed Officer Baker by approximately one foot and continued on toward Officer Schutz. The summary of the evidence described an eight-foot separation between the police car and a parked van in the alleyway. [Appellant] drove the vehicle directly at Officer Schutz who, fearing for his life, fired at the rear of the vehicle. Officer Schutz was somehow able to jump behind the police vehicle and avoid being run over. Officer Baker, believing that his partner had been run over, fired additional shots at the vehicle as it exited the alley in reverse. [Appellant] was later identified as the driver of this vehicle and charged with these crimes. At the sentencing proceeding videotape was played reflecting [Appellant's] driving in the relevant time period.

Trial Court Opinion, 10/28/15, at 3-4.

Following a hearing with the trial court in July of 2013, Appellant entered a guilty plea to the aforementioned crimes. A pre-sentence report was ordered. At Appellant's sentencing hearing in October of 2013, defense counsel argued that the Deadly Weapon Enhancement should not apply to the Appellant; however, the court was not persuaded. Appellant was sentenced to seven and one-half to fifteen years of imprisonment for the aggravated assault, plus seven years of probation to be served consecutively for the fleeing and eluding charge, and two years' probation to be served concurrently with the preceding probation sentence for recklessly endangering another. No further penalty was assessed on the remaining

charges. Appellant filed post-sentence motions, which were denied. No appeal was filed.[2]

Thereafter, Appellant timely filed a petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant's PCRA petition was granted, and his appellate rights were reinstated *nunc pro tunc*. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following question for our review:

1. Did the sentencing court err when it applied the 204 Pa.Code § 304.10(a) Deadly Weapon Enhancement in Appellant's case (given that the Commonwealth failed to prove at [s]entencing that he, during his crimes, used or possessed a firearm, a dangerous weapon, or an object that was used or intended to be used to [produce] death or serious injury), with the remedy for that error being vacation of the sentences imposed and remand for a resentencing hearing?

Appellant's Brief at 3 (footnotes omitted).

In the sole issue before this Court, Appellant argues that the trial court erred in reaching the conclusion that he drove the vehicle in a manner that made the Deadly Weapon Enhancement applicable. Appellant's Brief at 17. Appellant asserts that, in reversing, he was using his car to (1) continue his

---

[2] Appellant did not take issue with his probation sentences. **See** Appellant's Brief at 28.

flight after entering a dead end, and (2) prevent himself from being shot.[3]

*Id*.

Appellant's challenge is to the discretionary aspects of his sentence. *See, e.g.*, ***Commonwealth v. Kneller***, 999 A.2d 608, 613 (Pa. Super. 2010) (*en banc*) (stating a challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing), *appeal denied*, 20 A.3d 485 (Pa. 2011).  Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000).  Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (most citations omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a

---

[3] Appellant supplements this argument regarding his intent in his Post-Submission Communication.  ***See*** Appellant's Post-Submission Communication, 10/4/16.

separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (emphasis in original) (internal quotation marks omitted), *appeal denied*, 954 A.2d 895 (Pa. 2008), *cert. denied*, 129 S. Ct. 2450 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra,* 752 A.2d at 912-13.

As an initial matter, we note that Appellant timely filed a notice of appeal, preserved the instant issue at sentencing and in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, our analysis turns on whether there is a substantial question that the sentence imposed is inappropriate under the Sentencing Code. *See* 42

- 5 -

Pa.C.S.A. § 9781(b).  This Court has "found on several occasions that the application of the deadly weapon enhancement presents a substantial question."  **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010).  Appellant has complied with the requirements for consideration of a challenge to the discretionary aspects of a sentence, as such, we will consider the claim on its merits.

When reviewing a challenge to the discretionary aspects of sentencing, we adhere to the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014) (citing **Commonwealth v. Hoch**, 936 A.2d 515, 517–18 (Pa. Super. 2007)), *reargument denied* (Feb. 17, 2015), *appeal denied*, 117 A.3d 297 (Pa. 2015).

The trial court sentenced Appellant according to the Deadly Weapon Enhancement Used Matrix of the Sentencing Guidelines.  **See** 204 Pa.Code § 303.17(b); Notes of Testimony (N.T.), 10/10/13, at 8.  To determine whether the Deadly Weapon Enhancement Used Matrix should apply, the Sentencing Code provides, in pertinent part, as follows:

(2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2).

Pennsylvania law defines a deadly weapon as "any firearm, loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S.A. § 2301. Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id*.

Items not normally considered deadly weapons can take on such status based upon their use under the circumstances. *Commonwealth v. Raybuck*, 915 A.2d 125, 128 (Pa. Super. 2006) (concluding commercial mouse poison placed in sandwich was a deadly weapon) (citing *Commonwealth v. Scullin*, 607 A.2d 750, 753 (Pa. Super. 1992) (finding tire iron thrown at victim was a deadly weapon), *appeal denied*, 621 A.2d 579 (Pa. 1992)); *Commonwealth v. Cornish*, 589 A.2d 718, 721 (Pa.

Super. 1991) (recognizing fireplace poker used to strike victim constituted a deadly weapon). "The definition of deadly weapon does not demand that the person in control of the object intended to injure or kill the victim." *Scullin*, 607 A.2d 753.

The sentencing court has no discretion to refuse to apply the deadly weapons enhancement when it is appropriate. *Commonwealth v. Magnum*, 654 A.2d 1146, 1149–50 (Pa. Super. 1995). The court must begin its calculation of a sentence from the correct starting range, including, when appropriate, the Deadly Weapons Enhancement. *Id*. at 1150. When a sentencing court fails to begin its calculation of sentence from the correct starting point, this Court will vacate the sentence and remand for reconsideration of sentence. *Id*. (citing *Scullin*, 607 A.2d at 754); 42 Pa.C.S. § 9781(c)(1).

As used under the instant circumstances, we conclude that the SUV was an instrument likely to produce death or serious bodily injury to Officer Schutz and thus constituted a deadly weapon. The SUV became a deadly weapon when Appellant drove it in reverse through an eight-foot-wide opening directly at a person who was standing less than fifteen feet behind him. N.T., 7/12/13, at 7-11.

Here, Appellant's motivation for reversing the vehicle is of no moment. If one drives a vehicle at another person, there is a high probability that the victim will be seriously hurt or killed. Appellant pleaded guilty to aggravated assault, a crime eligible for deadly weapon enhancement. *See* 204 Pa. Code

§ 303.10(a)(2), 18 Pa.C.S. §2702(a)(1). Thus, the sentencing court had no discretion to refuse to apply the Deadly Weapon Enhancement, as it was appropriate. ***Magnum***, 654 A.2d 1149–50.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016