J-S17022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STANLEY SMITH | |
| Appellant | No. 3702 EDA 2015 |

Appeal from the Judgment of Sentence Entered November 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013743-2013

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2017**

Appellant, Stanley Smith, appeals from the November 20, 2015 judgment of sentence imposing an aggregate seven to fifteen years of incarceration followed by five years of probation for robbery, conspiracy, four violations of the Uniform Firearms Act, theft by receiving stolen property, theft by unlawful taking, terroristic threats, simple assault, recklessly endangering another person, and unauthorized use of an automobile.[1]  We affirm.

The record reveals that, on June 23, 2013 at 10:10 p.m., victim Jasmine Rone and a friend were sitting in a car when Appellant and his

---

[1]  18 Pa.C.S.A. §§ 3701, 903, 6105, 6106, 6108, 6110.2, 3925, 3921, 2706, 2701, 2705, and 3928, respectively.

friend, Lamar, approached and asked Rone and her friend where they could buy marijuana. N.T. Trial, 6/3/15, at 37-38, 40. Rone told them about a location where they could obtain marijuana, after which the two men approached a friend of Rone's. *Id.* at 38, 41, 57. Concerned about their intentions, Rone followed them. *Id.* Moments after Rone's friend entered a club, Lamar pulled a gun, pointed it at Rone, and threatened to kill her. *Id.* With Lamar holding Rone at gunpoint, Appellant searched her pockets and removed $90.00 and car keys. *Id.* Both men were within two feet of Rone during the robbery. *Id.* at 42. Appellant and Lamar departed from the scene in the vehicle Rone had been driving. *Id.* at 38-39.

Shortly after the incident, police apprehended Appellant and Lamar, and Rone identified them. *Id.* at 43-44, 60. While the case was pending, Rone received a phone call from Appellant apologizing for the incident and asking her not to appear in court to testify against him. *Id.* at 45-46. Appellant also sent letters to Rone. *Id.* at 46-47. In addition, Rone received a letter from Lamar, apparently by accident, in which Lamar wrote, "them bitches is not coming to court." *Id.* at 48.

Appellant proceeded to a June 3, 2015 bench trial. The trial court found Appellant guilty of the aforementioned offenses. Appellant filed a timely motion for reconsideration of his sentence. The trial court denied that motion on December 3, 2015. This timely appeal followed. Appellant presents two questions for our review:

A. Did not the trial court err by applying the deadly weapons enhancement at sentencing where there was no evidence that Appellant used or possessed a firearm during the robbery for which he was convicted?

B. Did not the trial court err and abuse its discretion when it imposed a manifestly excessive and clearly unreasonable sentence of seven to fifteen years of incarceration following trial, aggravating the sentence where Appellant presented significant mitigation, without making a contemporaneous statement of reasons on the record?

Appellant's Brief at 4.

Appellant first challenges the trial court's application of the deadly weapon enhancement ("DWE"), 204 Pa. Code § 303.10 and 303.17, because Lamar, not Appellant, was holding the gun during the offense. This issue implicates the discretionary aspects of the trial court's sentence. *Commonwealth v. Solomon*, 151 A.3d 672, 676 (Pa. Super. 2016). Appellant preserved this issue in a post-sentence motion and in his Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 15-17. A challenge to the trial court's application of the DWE raises a substantial question. *Solomon*, 151 A.3d at 676. We will therefore turn to the merits of Appellant's argument.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* at 677.

The trial court applied the DWE based on Appellant's possession (as opposed to use) of a deadly weapon, in accord with § 303.10(a)(1). N.T. Sentencing, 11/20/15, at 9.[2] Possession, for purposes of the sentencing guidelines, means "[o]n a defendant's person or within the defendant's immediate control." 42 Pa.C.S.A. § 2154(b).

Appellant argues that the DWE does not apply because his co-conspirator held the gun, and the gun was never in Appellant's possession or within his immediate control. In several cases, we have held that a gun used by a defendant's co-conspirator was within the defendant's immediate control. In **Commonwealth v. Bowen**, 612 A.2d 512 (Pa. Super. 1992), *appeal denied*, 621 A.2d 577 (Pa. 1993), the defendant was one of six persons who assaulted the victims. Some, possibly all of the assailants had guns. **Id.** at 513-14. We held that the sentencing court erred in failing to apply the DWE for possession of a weapon, because the defendant either possessed a gun or was "inches away" from one of the gunmen who participated in the crime. **Id.** at 515-16. Likewise, in **Commonwealth v. Hatcher**, 746 A.2d 1142 (Pa. Super. 2000), the defendant and two co-

---

[2] During sentencing, the trial court stated expressly that it would apply the DWE matrix for possession of a weapon rather than the more severe DWE for use of a deadly weapon. **Id.** An apparently erroneous footnote in the trial court's June 2, 2016 opinion indicates that the trial court applied the matrix for use of a deadly weapon. Trial Court Opinion, 6/2/16, at 8 n.2. The trial court's opinion analyzes Appellant's possession, not use, of the weapon. **Id.** at 8-10.

conspirators approached the victim and started punching him. During the assault, one of the co-conspirators pulled a handgun and beat the victim with the butt of the gun. *Id.* at 1143. Though the defendant never held the weapon, he was in "close physical proximity" to the co-conspirator who used the gun. *Id.* at 1145. That was sufficient to demonstrate possession within the meaning of § 2154(b). *Id.* In **Commonwealth v. Pennington**, 751 A.2d 212 (Pa. Super. 2000), *appeal denied*, 766 A.2d 1246 (Pa. 2000), the defendant was one of five co-conspirators involved in a robbery. One man held the victim at gunpoint while the others kicked him, punched him, and searched his pockets. *Id.* at 214-15. This Court, citing **Bowen** and **Hatcher**, concluded the trial court properly applied the DWE because the gun was within the defendant's immediate control. *Id.* at 216-17.

In contrast, the DWE did not apply to a defendant who was waiting in a getaway car several blocks from a jewelry store in which his co-conspirator conducted an armed robbery. **Commonwealth v. Greene**, 702 A.2d 547, 552-53 (Pa. Super. 1997).

Instantly, the record reveals that Appellant's co-conspirator, Lamar, held Rone at gunpoint while Appellant searched her pockets, removing cash and car keys. Both men were within two feet of Rone. N.T. Trial, 6/3/15, at 42. We therefore conclude the trial court correctly applied the DWE, because Appellant was in close physical proximity to an armed co-conspirator. Appellant's first argument does not merit relief.

- 5 -

Next, Appellant argues that the trial court erred in imposing a sentence within the aggravated guidelines range because the trial court focused solely on aggravating circumstances and ignored mitigating circumstances. This argument presents a substantial question. **Commonwealth v. Hyland**, 875 A.2d 1175, 1183-84 (Pa. super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005). As noted above, Appellant received a minimum sentence of 84 months of incarceration[3]. The guideline range, considering the DWE for possession of a weapon, was 69 to 81 months, plus or minus 12 months for the aggravated or mitigated ranges. N.T Sentencing, 11/20/15, at 4-5. Appellant's 84-month minimum sentence falls within the lower end of the DWE aggravated range.[4] Since Appellant's sentence falls within the guideline range, we may vacate only if we find the sentence clearly unreasonable. 42 Pa.C.S.A. § 9781(c)(2). In addition, we observe the following:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's

---

[3] The trial court imposed concurrent 84-month minimum for robbery and conspiracy to commit robbery, with other lesser sentences running concurrently.

[4] Without the DWE, the applicable guideline range would have been 60 to 72 months, plus or minus 12. N.T. Sentencing, 11/20/15, at 5. Appellant argues that the trial court abused its discretion in imposing a minimum sentence at the top of the aggravated range. Appellant's Brief at 31, 33. Appellant's argument, premised on his contention that the DWE did not apply, is incorrect.

prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) (some citation omitted), *affirmed*, 891 A.2d 1265 (Pa. 2006)

Here, the sentencing court was aware of Appellant's background, per a presentence investigation report, and the sentencing court heard testimony from Appellant's social service advocate. N.T. Sentencing, 11/20/15, at 4, 15-17. In accord with defense counsel's request, the trial court recommended that Appellant serve his sentence at SCI Chester, which has programs available to address Appellant's mental health needs. ***Id.*** at 12, 22. The record does not support Appellant's argument that the trial court failed to consider pertinent mitigating circumstances.

In summary, we have concluded that neither of Appellant's arguments merits relief. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017