J-S41001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIE LEWIS ROBERTSON, JR. | |
| Appellant | No. 1792 MDA 2016 |

Appeal from the Judgment of Sentence August 16, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0003575-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 26, 2017**

Appellant, Willie Lewis Robertson, Jr., appeals from the judgment of sentence imposed pursuant to his jury conviction of two counts each of burglary, theft of movable property by unlawful taking or disposition, and criminal mischief.[1]  We affirm.

We take the following from the trial court's December 9, 2016 opinion and our independent review of the certified record.  On April 21, 2015, the window of room sixteen at the 1722 Motor Lodge in East Lampeter Township was broken, and several items were removed.  (**See** N.T. Trial, 5/18/16, at 81-82).  On April 30, 2015, the police received a phone call from a guest of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), and 3304(a)(5), respectively.

the motel, who reported suspicious activity in the room next to hers, and that she had observed a black male, on foot, heading toward Old Philadelphia Pike. (*See* N.T. Trial, 5/19/16, at 116, 133). In the late night hours of May 5, 2015, the window of room number 25 was smashed, and property was taken. (*See* N.T. Trial, 5/18/16, at 83-84). Based on a still photograph of Appellant obtained from surveillance video taken at the motel pursuant to an ongoing investigation into the burglaries, Detective Sergeant Brian Cloonan executed a search warrant on Appellant's home and the stolen items were recovered. (*See* N.T. Trial, 5/19/16, at 139-40, 143-44, 149-51).

A two-day jury trial commenced on May 18, 2016. Prior to the start of trial, Appellant's counsel argued for the exclusion of any testimony about the April 30, 2015 incident because the eyewitness would not be testifying and no charges were filed relative to that incident. (*See* N.T. Trial, 5/18/16, at 8). The trial court denied the request on the basis that the testimony about April 30, 2015 could be used for the limited purpose of explaining the course of the police officers' investigation. (*See id.* at 9, 12).

On May 19, 2016, the jury convicted Appellant of the aforementioned charges. The trial court ordered a presentence investigation report (PSI). On August 16, 2016, the trial court sentenced Appellant on each count of burglary to a term of incarceration of not less thirty months nor more than six years, to run consecutively, for an aggregate sentence of not less than

five nor more than twelve years. The court additionally sentenced Appellant to ninety day terms of probation for each of the criminal mischief counts, to be served concurrently with his incarceration for burglary.[2]

On August 23, 2016, Appellant filed a petition to vacate sentence requesting that his burglary sentences be imposed concurrently rather than consecutively because the incidents were part of one criminal episode. The court denied the petition on September 28, 2016. Appellant timely appealed.[3]

Appellant raises two questions for our review:

I.      Was the trial court's aggregate sentence of five to twelve years of incarceration so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of [Appellant], and the court did not impose an individualized sentence which took into consideration [his] circumstances when it imposed consecutive sentences on the two counts of burglary?

II.      Did the trial court abuse its discretion in denying [Appellant's] motion *in limine* and allowing the Commonwealth to present testimony regarding a report of suspicious activity at the Motor Lodge from April 30, 2015, where it was not relevant and was prejudicial to [Appellant]?

(Appellant's Brief, at 5).

_____

[2] The two counts of theft merged with the burglary convictions for sentencing purposes.

[3] On November 18, 2016, Appellant filed a timely court-ordered statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The court filed an opinion on December 9, 2016. *See* Pa.R.A.P. 1925(a).

Appellant's first issue challenges the discretionary aspects of his sentence. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citations, footnote, and internal quotation marks omitted).

> In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm.

*Id.* at 1268-69 (quotation marks and citation omitted).

Here, in his petition to vacate sentence, Appellant argued that his consecutive burglary sentences should have run concurrently because they were part of the same criminal episode. (*See* Petition to Vacate Sentence, 8/23/16, at unnumbered page 2). Because he is raising a different argument on appeal, Appellant failed to preserve his sentencing challenge. *See Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) ("new theories ordinarily cannot be raised for the first time on appeal") (citation omitted); Pa.R.A.P. 302(a). Therefore, Appellant's first issue is waived. Moreover, it would not merit relief.

Our standard of review of challenges to the discretionary aspects of a sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Solomon*, 151 A.3d 672, 677 (Pa. Super. 2016), *appeal denied*, 2017 WL 1414955 (Pa. filed Apr. 19, 2017) (citation omitted). "[I]t is well accepted that [i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Bowen*, 55 A.3d 1254, 1265 (Pa. Super. 2012), *appeal denied*, 55 A.3d 1254 (Pa. 2013) (citation and internal quotation marks omitted). "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016), *appeal denied*, 2016 WL 6093951 (Pa. filed Oct. 19, 2016) (citation omitted).

In this case, our review of the certified record belies Appellant's claim that the trial court imposed consecutive sentences based only on the gravity of his offenses. In fact, the court considered Appellant's statements and the

argument of his counsel, (*see* N.T. Sentencing, 8/16/16, at 3-7, 9-10); the sentencing guidelines, (*see id.* at 9); Appellant's age, character, and education, (*see id.* at 8); his prior criminal history, including multiple convictions and probation and parole violations, beginning in 1985, (*see id.* at 8-10); his history of drug abuse, (*see id.* at 10); and "the protection of the public, the gravity of the offense on the victim and community, and the rehabilitative needs of [Appellant]." (Trial Court Opinion, 12/09/16, at 6).

Based on the foregoing, particularly in light of the fact that the trial court had the benefit of a PSI, (*see* N.T. Sentencing, at 2-3, 9), we conclude that it did not abuse its discretion in sentencing Appellant to consecutive sentences. *See Solomon*, *supra* at 677; *Finnecy*, *supra* at 1038; *Bowen*, *supra* at 1265. Therefore, even if he had not waived his first issue for failing to preserve it for our review, it would lack merit.

In his second claim, Appellant maintains that the trial court abused its discretion in denying his motion *in limine* to exclude testimony regarding an April 30, 2015 incident that occurred at the 1722 Motor Lodge. (*See* Appellant's Brief, at 15-16). Appellant argues that this evidence was irrelevant and prejudicial. (*See id.* at 16-17). This issue does not merit relief.

"In evaluating the denial or grant of a motion *in limine*, our standard of review is the same as that utilized to analyze an evidentiary challenge."

*Commonwealth v. Hicks*, 151 A.3d 216, 224 (Pa. Super. 2016), *appeal denied*, 2017 WL 1735542 (Pa. filed May 3, 2017) (citation omitted).

> It is well settled that [t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

*Id.* (case citations and most quotation marks omitted).

> Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). Hearsay testimony is *per se* inadmissible in this Commonwealth, except as provided in the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. On the other hand, evidence that would constitute inadmissible hearsay if offered to for one purpose may be admitted for another purpose. . . . **[A]n out-of-court statement offered to explain a course of conduct is not hearsay.**

*Commonwealth v. Dent*, 837 A.2d 571, 577 (Pa. Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (most citations and quotation marks omitted; emphasis added).

Here, the trial court observed, "[t]he testimony concerning April 30, 2015 was extremely brief, . . . made no actual mention of any criminal conduct by any named accused[,] and could not have been understood by

the jury to provide proof of the crimes for which Appellant was being tried." (Trial Ct. Op., at 10). We agree.

Our independent review of Detective Sergeant Cloonan's testimony reveals that he mentioned the April 30, 2015 complaint from the 1722 Motor Lodge as part of the chronology of the police department's investigation of incidents at that location. (*See* N.T. Trial, 5/19/16, at 133-34; *see also id.* at 116 (Officer Samuel Sanger referencing April 30, 2015 call)). He stated that the April 30, 2015 complaint was for suspicious activity, *i.e.* a black male attempting to get into a room. (*See id.* at 134). Additionally, the trial court instructed the jury that the only incidents on which it was to make its decision were those committed on April 21, 2015 and on or about May 6, 2015. (*See id.* at 115).

Therefore, not only was the call to the police offered merely to explain the course of conduct of the police officers, the trial court expressly instructed the jury about the dates it was to consider in its decision, which the jury is presumed to have followed. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1147 (Pa. 2011) ("The jury is presumed to have followed the court's instructions.") (citation omitted). Hence, the trial court did not abuse its discretion in allowing testimony referencing the April 30, 2015 complaint.

*See Hicks*, *supra* at 949; *Dent*, *supra* at 577.  Appellant's second issue

lacks merit.[4]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2017

---

[4] Moreover, we agree with the trial court that "[t]he testimony was also cumulative of testimony brought out by counsel for [Appellant] on cross-examination that the police are often called to the 1722 Motor Lodge for reports of criminal activity."  (Trial Ct. Op., at 10 (footnote omitted); *see also* N.T. Trial, 5/19/16, at 178).