J-S41004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA WILLIAMS, | |
| Appellant | No. 1539 MDA 2016 |

Appeal from the Judgment of Sentence August 18, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002720-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED AUGUST 03, 2017**

Appellant, Joshua Williams, appeals from the judgment of sentence imposed following remand to the trial court for re-sentencing on his conviction of robbery.[1]  We affirm.

This case has a tortuous procedural history, complicated by Appellant's *pro se* filings in the trial court while he was represented by counsel.[2]  A

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(i).

[2] We note at the outset the well-settled principle that a criminal defendant is not entitled to hybrid representation and trial courts are not required to consider the *pro se* filings of counseled defendants.  **See Commonwealth v. Blakeney**, 108 A.3d 739, 763 n.21 (Pa. 2014), *cert. denied*, 135 S.Ct. 2817 (2015); **see also Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993); Pa.R.Crim.P. 576(A)(4).

previous panel of this Court summarized the background of this case as follows:

> A jury found [Appellant] guilty of robbing Michael Barna on the evening of March 3, 2012.  On January 14, 2015, the trial court sentenced [Appellant] to 7—14 years' imprisonment.  [Appellant] filed timely post-sentence motions to modify his sentence on the ground that the court used the wrong sentencing guideline in its sentencing calculations.  In an order docketed on February 23, 2015, the court granted [Appellant's] motion.  The order stated: "This court never made a determination as to whether the offender possessed a deadly weapon[,] therefore we cannot apply the Deadly Weapon Enhancement. . . .  The sentence is modified as follow[s]: 54—72 months' imprisonment."  The order did not specify whether [Appellant's] minimum term of imprisonment was 54 months, 72 months, or somewhere in between.  Nor did the order specify [Appellant's] maximum term of imprisonment.
>
> [Appellant] filed a timely notice of appeal.  The sole issue raised in [Appellant's] Pa.R.A.P. 1925(b) statement and appellate brief is: "Whether the evidence presented at trial was insufficient to convict [Appellant] of the crime of robbery?"

(**Commonwealth v. Williams**, 2016 WL 2625676, at *1 (Pa. Super. filed May 6, 2016) (unpublished memorandum) (footnote omitted)).

In that appeal, this Court *sua sponte* considered the legality of Appellant's sentence.[3]  We:

> . . . affirm[ed] [Appellant's] conviction, [and] remand[ed] for resentencing due to defects in the February 23, 2015 order granting [Appellant's] post-sentence motions.  This order merely states that [Appellant's] minimum sentence is '54—72 months'

---

[3] Challenges to an illegal sentence are non-waivable and may be raised *sua sponte* by this Court.  **See Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013).

without specifying the precise number of months in his new minimum or maximum sentence. The Sentencing Code plainly directs the trial court to specify minimum and maximum periods of imprisonment. *See* 42 Pa.C.S.[A.] § 9756(b)(1) . . . We direct[ed] the trial court to resentence [Appellant] in a manner that complies with section 9756.

(*Id.* at *4) (footnote omitted).

On August 18, 2016, the trial court re-sentenced Appellant to a term of not less than five nor more than ten years' incarceration. Despite his representation by court-appointed counsel, Appellant filed, on August 24, 2016,[4] a *pro se* "Motion for Sentence Reduction *Nunc Pro Tunc*," which the trial court interpreted as a post-sentence motion, in the nature of a motion to modify sentence. (*See* Order, 9/13/16, at unnumbered page 1). The trial court denied the motion on September 13, 2016. Appellant, through counsel, filed a timely notice of appeal on September 15, 2016, and then a timely court-ordered concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

Although counsel had already initiated this appeal, Appellant filed a *pro se* notice of appeal on September 23, 2016. The *pro se* appeal was withdrawn and discontinued in this Court on November 3, 2016. However, the trial court, upon receipt of the *pro se* filing and of notice of the

_____

[4] Pursuant to the prisoner mailbox rule, we deem Appellant's *pro se* documents filed on the day they were dated, rather than on the day they were docketed. *See Commonwealth v. Brandon*, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

discontinuation, issued a second order directing Appellant to file a Rule 1925(b) statement.[5]  Appellant filed a timely *pro se* concise statement on December 1, 2016.  The trial court entered an opinion on December 20, 2016, in which it addressed the issues raised Appellant's *pro se* concise statement.  **See** Pa.R.A.P. 1925(a); (Trial Ct. Op., at 7).[6]

On appeal, in his counseled brief, Appellant raises the following issues for review, which mirror those raised in his *pro se* Rule 1925(b) statement:

1. Whether the trial court erred when it denied Appellant's suppression motion?

2. Whether the trial court erred when it denied Appellant's request for nominal bail and dismissal of charges under Pennsylvania Rule of Criminal Procedure 600?

3. Whether the trial court erred in allowing testimony presented by witness which were [sic] inconsistent to the phone records

_____

[5] The trial court appears to have acted under the mistaken belief that the counseled appeal, rather than the *pro se* appeal, had been discontinued. (**See** Trial Court Opinion, 12/20/16, at 2).

[6] As previously noted, Appellant is not entitled to hybrid representation. (**See supra**, at *1 n.2).  However, the record reflects that the trial court accepted as valid Appellant's *pro se* post-sentence motion, that it ordered the filing of a *pro se* Rule 1925(b) statement, and that it addressed the issues he raised in that statement in its opinion.  Thus, under the circumstances of this case, we deem Appellant's *pro se* filings sufficient for issue preservation purposes.  **See Commonwealth v. Cooper**, 27 A.3d 994, 1003 (Pa. 2011) (deeming *pro se* notice of appeal filed by counseled criminal defendant valid under circumstances of procedurally complex case and admonishing that "criminal rules are intended to provide for just determination of every proceeding, and should be construed to secure simplicity, fairness and elimination of delay") (citation omitted).

said to be his presented as evidence corroborating his statement[?]

4. Whether the trial court erred in abusing its discretion in resentencing Appellant[?]

(Appellant's Brief, at 5) (unnecessary capitalization omitted); (*see also* *Pro Se* Rule 1925(b) Statement, 12/01/16, at unnumbered page 1).

In his first three issues, Appellant raises allegations of trial court error challenging his conviction. (*See* Appellant's Brief, at 5, 14-19) (claiming trial court error in denying his pre-trial motions and in allowing certain testimony). However, we agree with the Commonwealth that Appellant waived these issues by failing to raise them in his initial direct appeal. (*See* Commonwealth's Brief, at 8, 10).

Specifically, as discussed above, Appellant already had the benefit of a direct appeal, where he challenged only the sufficiency of the evidence to support his robbery conviction. (*See Williams*, *supra* at *1). That appeal resulted in this Court's *sua sponte* consideration of the legality of his sentence, and limited remand to the trial court, for resentencing. (*See id.* at *4). Now, on appeal following remand, Appellant cannot again challenge his conviction, and "the only issues reviewable . . . [are] challenges to the sentence imposed[.]" *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002); *see also Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) (explaining that, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.") (citation omitted). Therefore, Appellant's challenges to his

conviction, which this Court has already affirmed, "have been waived by his failure to present them in his first appeal." ***Commonwealth v. Mathis,*** 463 A.2d 1167, 1169 (Pa. Super. 1983) (citation omitted) (finding allegations of trial errors waived on appeal following remand for resentencing). Thus, Appellant's first three issues are not reviewable.

In his fourth issue, Appellant challenges the discretionary aspects of his sentence, arguing that it is excessive in light of the facts and circumstances of this case. (***See*** Appellant's Brief, at 12-13, 19-20). He claims that the trial court abused its discretion by failing to consider adequately his character, background, and rehabilitative needs. (***See id.***). Preliminarily,

> [w]e note that [t]he right to appellate review of the discretionary aspects of a sentence is not absolute. Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal.
>
> * * *
>
> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hicks*, 151 A.3d 216, 226 (Pa. Super. 2016), *appeal denied*, 2017 WL 1735542 (Pa. filed May 3, 2017) (case citations and quotation marks omitted).

In the instant case, Appellant timely appealed, preserved his claim in the trial court by filing a post-sentence motion, and included a Rule 2119(f) statement in his brief. With respect to the fourth requirement, "this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citations omitted). Therefore, we will review Appellant's claim on the merits.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Solomon*, 151 A.3d 672, 677 (Pa. Super. 2016), *appeal denied*, 2017 WL 1414955 (Pa. filed Apr. 19, 2017) (citations omitted).

Here, at the re-sentencing hearing, defense counsel requested a sentence at the lowest end of the guideline range, and emphasized Appellant's successful participation in rehabilitative programs while in prison and his willingness to find employment and continue treatment and

counseling. (**See** N.T. Resentencing, 8/18/16, at 3-4). Counsel pointed out that Appellant is the father of three children, and that he has accepted responsibility for his actions. (**See id.**). Appellant addressed the court and expressed remorse for his actions and his desire to make positive changes in his life for himself and his family. (**See id.** at 4-5). The court stated that it was taking into account the fact that Appellant has been incarcerated in this matter since 2012, and imposed a sentence at the lower end of the standard guideline range. (**See id.** at 6; **see also** Trial Ct. Op., at 13).

Our review of the record demonstrates that the trial court was well aware of Appellant's background and the circumstances of this case, and we discern no abuse of discretion in its imposition of his sentence. **See Solomon**, **supra** at 677. Appellant's final issue lacks merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017