J-S53028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD HALL, | |
| Appellant | No. 258 EDA 2017 |

Appeal from the Judgment of Sentence September 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008031-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED September 5, 2017**

Appellant, Donald Hall, appeals from the judgment of sentence entered on September 13, 2016, as made final by the denial of his post-sentence motion on December 21, 2016.  We affirm.

The factual background of this case is as follows.  On June 22, 2014, Craig Willingham ("Willingham") was renting a room at Appellant's residence.  That evening, Appellant invited Willingham to have a drink; however, Willingham declined because he had to get up early the next morning.  At approximately 1:00 a.m. on June 23, 2014, Appellant entered Willingham's room and poured boiling water on him.

The procedural history of this case is as follows.  On July 16, 2014, the Commonwealth charged Appellant via criminal information with aggravated

assault,[1] simple assault,[2] recklessly endangering another person,[3] and possessing an instrument of crime.[4]  On June 22, 2016, Appellant was convicted of aggravated assault and possessing an instrument of crime.  On September 13, 2016, the trial court sentenced Appellant to an aggregate term of 6 to 12 years' imprisonment.  That same day, Appellant filed a post-sentence motion.  On December 21, 2016, the trial court denied the motion.  This timely appeal followed.[5]

Appellant presents one issue for our review:

Did not the [trial] court err as a matter of law, abuse its discretion[,] and violate general sentencing principles by imposing a manifestly excessive and unreasonable sentence of 6 to 12 years[' ] incarceration . . . ?

Appellant's Brief at 3.

Appellant argues that the trial court imposed a manifestly excessive sentence.  This argument challenges the discretionary aspects of his sentence.  ***Commonwealth v. Bonner***, 135 A.3d 592, 603 (Pa. Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016) (citation omitted).  Pursuant

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. § 907(a).

[5] On January 6, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  ***See*** Pa.R.A.P. 1925(b).  On January 26, 2017, Appellant filed his concise statement.  On March 22, 2017, the trial court issued its Rule 1925(a) opinion.  Appellant's lone issue was included in his concise statement.

to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether [the] appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1093 (Pa. Super. 2016) (citation omitted). Appellant filed a timely notice of appeal, preserved the issue in his post-sentence motion, and included a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief. Thus, we turn to whether Appellant raises a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Solomon*, 151 A.3d 672, 676 (Pa. Super. 2016), *appeal denied*, 2017 WL 1414955 (Pa. Apr. 19, 2017). "A substantial question exists only when the appellant advances a colorable argument that the [trial court's] actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (citation omitted).

In his Rule 2119(f) statement, Appellant argues that this case presents a substantial question because his sentence is excessive and the trial court failed to consider certain mitigating factors. "This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted). As Appellant raises such a claim, this case presents a substantial question and we will consider the merits of his discretionary aspects claim.

We note that "[s]entencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Pursuant to statute,

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). "The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). . . . The record as a whole must reflect due consideration by the court of the statutory considerations." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal*

*denied*, 95 A.3d 275 (Pa. 2014) (internal alteration and citation omitted). Furthermore, when sentencing a defendant, the trial court is required to consider the sentencing guidelines. ***Commonwealth v. Sunealitis***, 153 A.3d 414, 421 (Pa. Super. 2016) (citation omitted). In this case, Appellant was sentenced within the standard range of the sentencing guidelines. Accordingly, we may only vacate his sentence if this "case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2); ***see Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Appellant argues that the trial court failed to consider several mitigating factors that weighed in favor of a shorter sentence. Specifically, he argues that, because he is 75 years old, a term of 6 to 12 years' imprisonment is greater than that which is necessary to protect the public. Moreover, he contends that because Willingham forgave him for his transgression, and the two remain friends, the impact of his crime on Willingham is relatively small. Appellant also argues that outpatient drug rehabilitation would succeed in meeting his rehabilitative needs.

A careful review of the sentencing transcript indicates that the trial court considered these mitigating factors and concluded that a sentence of 6 to 12 years' imprisonment was appropriate. The trial court heard argument from counsel and listened to Appellant's allocution along with his girlfriend's

statement. The trial court then recessed to weigh the relevant sentencing factors and fashion an appropriate sentence.

When the sentencing hearing resumed, the trial court stated that it "considered [Appellant's] age" when fashioning its sentence. N.T., 9/13/16, at 18. A defendant is not entitled to a shorter sentence because he or she is elderly. *See Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007); *cf. Kansas v. Mondragon*, 220 P.3d 369, 372 (Kan. 2009) (A defendant's advanced age is not always a mitigating factor. Instead, the older a defendant is the more he or she should "know better" than to commit a crime). In this case, Appellant's advanced age did not prevent him from pouring boiling water on Willingham. Moreover, at the time of Appellant's sentencing, he was serving a sentence for stabbing a neighbor for saying hello to him. N.T., 9/13/16, at 13-14. Therefore, the trial court reasonably concluded that Appellant proved, by his actions, that he was still a threat to the community.

The trial court also considered "the fact that [Appellant] show[ed] remorse." N.T., 9/13/16, at 18. In other words, the trial court considered the fact Willingham forgave Appellant and the two were still friends. As the trial court noted, however, Appellant did "not necessarily accept responsibility" for his actions. *Id.* at 18-19. This finding is supported by the record. During his allocution, Appellant stated, "I'd also like to say that all of this is not true. I know I already had the jury trial and so on and so on.

But I did not throw the [boiling] water on [Willingham] while he was sleeping." *Id.* at 16.

Moreover, section 9721(b) does not focus just on the long term impact on the victim. It also focuses on the short term impact. In this case, the short term impact on Willingham was significant. *See* N.T., 9/13/16, at 16. Although Willingham's forgiveness of Appellant was appropriately considered by the trial court, it was not a factor which weighed heavily in favor of a sentence below the standard guideline range.

The trial court also was aware that Appellant "has a substance abuse issue." N.T., 9/13/16, at 18. Contrary to Appellant's argument, however, this was not a mitigating factor. As Appellant stated at sentencing, he was using crack cocaine prior to the incident in question. *Id.* at 16. Appellant's counsel stated that, although Appellant would benefit from inpatient rehabilitation, he was not eligible for inpatient rehabilitation because of his advanced age. *Id.* at 9. Thus, Appellant was seeking intensive outpatient drug rehabilitation. *See id.* At the time of sentencing, he was ineligible for intensive outpatient rehabilitation because he lacked the requisite housing. *See id.* at 9-10. Thus, Appellant was in need of intensive drug rehabilitation and jail may offer him the best opportunity of becoming sober.

Finally, the trial court reviewed and considered a presentence investigation report. "Where the [trial court] had the benefit of a presentence investigation report, it will be presumed that [it] was aware of

the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016), *appeal denied*, 159 A.3d 935 (Pa. 2016) (internal alteration and citation omitted).

Appellant poured boiling water on Willingham which caused him serious injury. Appellant failed to take responsibility for his actions. Furthermore, he was unable to receive the necessary drug treatment in the community. Under these circumstances, a significant prison sentence, *e.g.*, 6 to 12 years, was appropriate. Therefore, we conclude that application of the guidelines in this case is not clearly unreasonable. Accordingly, the trial court did not abuse its discretion in sentencing Appellant to 6 to 12 years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2017