J-S43017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DONALD LEQUAY KELLEY | |
| Appellant | No. 1510 WDA 2016 |

Appeal from the Judgment of Sentence Dated September 21, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000300-2013
CP-33-CR-0000301-2013
CP-33-CR-0000302-2013

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.*

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 30, 2017**

Appellant Donald Lequay Kelley appeals from the judgment of sentence following the revocation of his probation. For the following reasons, we affirm.

On October 16, 2013, Appellant entered a negotiated guilty plea to three counts of Delivery of a Controlled Substance.[1] Appellant received concurrent sentences of one-to-two years' incarceration in a state correctional institution followed by three years of probation for each count.

_____

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30). Appellant pled guilty to one count on each of the three above-captioned docket numbers.

*See* Trial Ct. Order, 10/16/13. On June 4, 2015, while on probation,[2] Appellant was involved in a physical altercation with his sister. This constituted a technical violation of his probation, and on July 1, 2015, the trial court modified Appellant's sentence to require that he serve sixty days in the Jefferson County Jail before returning to serve the remainder of his probation. *See* Order, 7/1/15.[3]

The terms of Appellant's probation prohibited him from "the possession, use or abuse, manufacturing or sale of any legal or illegal mind/mood altering chemical/substance, including, but not limited to, synthetic marijuana," "owning or possessing any firearm, deadly weapon, or offensive weapon," and possessing any ammunition, weapon accessories, magazines, or related items, or to live in a residence where firearms or other weapons are kept. *See* Notice of Charges and Hr'g Rights & Written Request for Revocation, 7/21/16.; N.T., 9/7/16, at 6-7. Appellant was also prohibited from possessing "any types of facsimile[] [weapons]," which would include a paintball gun. N.T., 9/7/16, at 13, 42.

On June 27, 2016, Officer Tonya Peek, Appellant's probation officer, received an email from an individual who stated that Appellant was her

_____

[2] Appellant's terms of probation commenced on or around May 20, 2015.

[3] Appellant's modified probation pertained to Docket No. 300-2013. Appellant's probation remained intact as to Docket Nos. 301-2013 and 302-2013.

brother and that she should view Appellant's Facebook page for evidence that Appellant was selling drugs. *See* N.T., 9/7/16, at 7. The email included two attachments: a Facebook photo of Appellant holding what appeared to be a gun, and a link to a Facebook video of Appellant sitting in a car and making hand gestures that Officer Peek "assume[d]" were "gang signs." N.T., 9/7/16, at 7. After reading the email, Officer Peek informed Appellant that he needed to report to her office on July 7, 2016. Appellant remained at the office with Officer Peek on July 7th, while Agents Bole and Strauss visited Appellant's approved residence[4] to look for the weapon depicted in the photo. *Id.* at 12-13.

Upon arriving, Agents Bole and Strauss called the police because there were several occupants at the residence, including at least three adults and several minor children. Agent Bole entered and located a backpack containing a loaded pistol magazine and ammunition.[5] They did not find a

---

[4] Appellant testified that he was no longer living at the approved address at the time of the agents' visit because he had moved into his great-grandmother's home. N.T., 9/7/16, at 32-33. Appellant admitted that he had not notified Officer Peek of his move. *Id.* Appellant's great-grandmother testified that Appellant was living with her on the date of the agents' visit. *Id.* at 37-38. Officer Peek stated that she spoke with the landlord of the approved residence, and that Appellant's name was on the lease at the time of the agents' visit. Officer Peek was not aware that Appellant had moved out, and it would have been a violation of Appellant's probation to move out of the approved address without her permission. *Id.* at 6, 28-30.

[5] Agent Bole said the magazine likely belonged to a 9-millimeter pistol, but he could not identify the make and model of the firearm to which it belonged. A female who was present when Agent Bole found the backpack

*(Footnote Continued Next Page)*

pistol or any other firearm. While searching a bedroom, Agent Bole also found a digital scale, which he identified as the type commonly used to weigh narcotics. N.T., 9/7/16, at 16. Agent Strauss, upon arriving, went to the back of the residence to make sure that no one would attempt to flee or toss anything from the home. *Id.* at 22. While he was behind the residence, Agent Strauss saw a hand emerge from a window of the home and toss something onto the ground. Agent Strauss retrieved the item, which was later determined to be a bag of marijuana. *Id.*[6]

Meanwhile, at the July 7th meeting with Officer Peek, Appellant told her that the weapon in the Facebook photo was a paintball gun and that, unlike a "real gun," it had an orange tip. N.T., 9/7/16, at 13, 33-34. Officer Peek stated that the gun in the photo did not have a visible orange tip. *Id.* Agent Bole stated that neither he nor Agent Strauss found a paintball gun or paintball gear during their visit to Appellant's approved residence. *Id.* at 25-26.

_(Footnote Continued)_ _____

told him the backpack belonged to her child, who Agent Bole estimated to be less than eight years old. N.T., 9/7/2016, at 16, 18-19. According to Agent Bole, the police were shown the pistol magazine, ammunition and scale, but they declined to file charges because it would be difficult to place ownership of the items on any particular occupant of the residence and because possession of the items did not constitute a crime for a common citizen who was not on probation. *Id.* at 17, 19-20.

[6] Agent Strauss could not identify who had dropped the bag from the window, but he confirmed that it was dropped from the hand of an African American adult. N.T., 9/7/16, at 23.

On September 7, 2016, the trial court held an evidentiary hearing on the probation department's charges that Appellant violated his probation by possessing marijuana, a firearm, and ammunition. After hearing testimony from Agent Bole, Agent Strauss, Officer Peek, Appellant, and Appellant's great-grandmother, the trial court concluded that Appellant had violated the terms of his probation by possessing the pistol magazine, ammunition, marijuana, and scale found at his approved residence, and the firearm in the photograph posted on Facebook. *See* N.T., 9/7/16, at 46-47. On September 21, 2016, following a presentence investigation, the trial court revoked Appellant's probation for all three cases and resentenced Appellant to an aggregate sentence of ten to twenty years' incarceration. *See* Order, 9/21/16.[7] Appellant filed a motion for reconsideration of the sentence on September 26, 2016. The trial court denied that motion the same day.

On October 5, 2016, Appellant filed this timely appeal, in which he raises a single issue: "Whether the Trial Court committed an abuse of

---

[7] As to matter CP-33-CR-000300-2013, Appellant's probation was revoked and he was re-sentenced to four to eight years' incarceration, with credit for time served. With regard to CP-33-CR-000301-2013, Appellant's probation was revoked and he was re-sentenced to three to six years' incarceration, consecutive to the sentence imposed at 300-2013 CR and with credit for time served. As to matter CP-33-CR-000302-2013, Appellant's probation was revoked and he was re-sentenced to three to six years' incarceration, consecutive to the sentence imposed at 301-2013 CR and with credit for time served. *See* N.T., 9/21/16, at 6-7. The Pennsylvania Board of Probation and Parole had recommended at the hearing that Appellant receive an aggregate resentence of four and a half to fifteen years' incarceration. *Id.* at 3.

discretion when it revoked Appellant's probation/parole and re-sentenced him to serve three consecutive sentences aggregating to a minimum of ten years to a maximum of twenty years in a State Correctional Institution given the circumstances of the case." Appellant's Brief at 4.[8]

Appellant challenges only a discretionary aspect of his sentence — its length.[9] Initially, we acknowledge that this Court, *en banc*, "unequivocally" held "that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*) (resolving conflicting caselaw). Nevertheless, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Solomon**, 151 A.3d 672, 676 (Pa. Super. 2016), **appeal denied**, No. 520 WAL 2016, 2017 WL 1414955 (Pa. April 19, 2017). "Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal." **Commonwealth v. Haynes**, 125 A.3d 800, 806–07 (Pa. Super. 2015) (citation omitted), **appeal denied**, 140 A.3d 12 (Pa. 2016). We will exercise our discretion to consider such a petition only if (1) the appellant

---

[8] Appellant does not challenge revocation of his probation and concedes that "some incarceration was warranted." Appellant's Brief at 10.

[9] Appellant does not challenge the legality of his sentences' length, as the maximum sentence allowable on each count for which Appellant was convicted is fifteen years' incarceration. **See** 35 P.S. § 780-113(f)(1).

has filed a timely notice of appeal; (2) he has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure, pursuant to ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." ***See, e.g.***, ***Haynes***, 125 A.3d at 807; ***Commonwealth v. Zelinski***, 573 A.2d 569, 574-75 (Pa. Super.), ***appeal denied***, 593 A.2d 419 (Pa. 1990).

Here, Appellant has satisfied the first three requirements of the four-part test: Appellant filed a timely appeal, preserved the issue in a motion to reconsider, and included in his appellate brief a concise statement of the reasons for which he seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure. ***See*** Appellant's Brief at 7. Thus, we must next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the trial court's sentence. ***See Haynes***, 125 A.3d at 807. "The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental

norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000).

In his Rule 2119(f) statement, Appellant argues that the sentencing court imposed too severe a punishment under the circumstances of the case and that the court failed to adequately state its reasons for the sentence. Appellant's Brief at 7. Specifically, Appellant avers that the sentencing court in this matter imposed an aggregate resentence of ten to twenty years' incarceration after Appellant committed technical violations of his probation, and that this resentence exceeded Appellant's original aggregate sentence of three to six years' incarceration.

In ***Sierra***, we stated:

> The Sentencing Code reveals that the legislature has given particular consideration to the appropriateness of sentences of total confinement following revocation of probation. ***See*** 42 Pa.C.S.A. § 9771. On appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation.

***Sierra***, 752 A.2d at 913. In addition, in cases where the court "resentences an offender following revocation of probation . . . , the court shall make as part of the record and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). Therefore, when a defendant asserts that a sentencing judge fails to state the reasons for a sentence, he raises a substantial question. ***See Commonwealth v. Reynolds***, 835 A.2d 720, 733-34 (Pa. Super. 2003).

Thus, Appellant has raised a substantial question both in his assertion that his sentence is excessive and in his assertion that the trial court failed to state the reasons for it. *See Reynolds*, 835 A.2d at 733-34; *Sierra*, 752 A.2d at 913. Therefore, we turn to the substantive merits of Appellant's claims.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015).

Appellant argues that his sentence is manifestly unreasonable because "the violations were technical, presented no threats to others, and were primarily possession violations." Appellant's Brief at 11. Appellant claims that the sentence suggested by the probation department of four-and-one-half to

fifteen years "would have been adequate to vindicate the authority of the court and to address the other general directives of the Sentencing Code."

Revocation of probation is governed by 42 Pa.C.S. § 9771(c), which states:

The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

Revocation of probation under subsection (3) requires "more than merely an affront to the court's authority," *see Commonwealth v. Cottle*, 426 A.2d 598, 601-02 (Pa. 1981), but is justified upon the sentencing court's finding that an appellant has not "put[] anything into" the court-imposed rehabilitation efforts and has failed "to appreciate the seriousness of the situation." *Commonwealth v. Malovich*, 903 A.2d 1247, 1254 (Pa. Super. 2006).

In *Malovich*, the defendant was serving eighteen months' probation for theft by deception when he violated his probation by possessing marijuana and moving out of his approved residence without informing his probation officer. *Malovich*, 903 A.2d at 1250. The trial court revoked the defendant's probation and sentenced him to eighteen to thirty-six months of incarceration. *Id.* The defendant argued on appeal that his "probation

violations were minor, technical ones, thus rendering his particular sentence excessive and disproportionate to those violations." *Id.* at 1251. This Court held that "incarceration was necessary" under 42 Pa.C.S. § 9771(c) because the defendant's failure to comply with the terms of his probation or to "put[] anything into" the court's other rehabilitation efforts, including its prior revocation, showed that he did not "appreciate the seriousness of the situation" and was not "responding to the court's authority." *Id.* at 1254. We also found that due to the trial court's "observations on [the a]ppellant's intractable attitude and behavior," there was "no basis to conclude that the sentence was excessive or disproportionate." *Id.*; *see also Colon*, 102 A.3d at 1044-45 (resentence of incarceration following revocation of probation was not excessive under § 9771(c) for technical violations where the defendant's probation history, which included a prior revocation, showed that the defendant's "repeated attempts at rehabilitation had failed").

Here, when resentencing Appellant after revoking his probation, the trial court stated on the record:

> When we're dealing with probation and parole violations, there's three separate things that are looked at. First if there are new charges, a sentence of total confinement is warranted under the law, then there's the question of, can the person – are they amenable to probation, can they be treated with probation. Third, are there other violations likely and does the court meet its authority to vindicate.
>
> Now, in your case, there's no new charges, but these technical violations, looking back, involve not being at your residence, technically having two residences, but at your residence when they searched, they did find a clip and ammunition at that

- 11 -

residence as well as marijuana at the residence which, coupling that with your picture which you said was a paintball gun, but I think the picture clearly shows it's a firearm, the fact that you are on probation for drug offenses, in possession of a firearm, taking a picture of yourself in a threatening manner, I think that meets the most vindication.

I've considered your age, your background. I've considered the recommendation of adult probation, but I think that a firearm picture as well as the fact that there was a firearm clip and ammunition at your approved residence, no paintball equipment, . . . and the technical violation of the drug use[10] and problems calls for a longer sentence to vindicate the authority of the court and promote safety in the community, so with that, I'm going to revoke each of your probations.

* * *

They do have drug and alcohol programs that are available to get in while you're serving your sentence, and they have other vocational programs, so I suggest you do help yourself and take advantage of that as well.

* * *

I told you with your violations with whatever happened in the family last year, don't do this, and you did something worse.

N.T., 9/21/16, at 5-8. The court's 1925(a) opinion stated that

Having reviewed his presentence investigation report prior to sentencing, the Court was well aware of [Appellant's] personal history and circumstances, as well as his criminal history, his unwillingness or inability to comply with the conditions of his supervision, and the nature of the violations underlying his revocation. As a whole, that history led the Court to conclude that a sentence of total confinement was the most appropriate alternative, and it explained as much on the record. In admitting

---

[10] This comment appears to refer to the bag of marijuana and scale that were found at Appellant's approved residence.

that he had previously rendered multiple dirty urine samples[11] while on [probation], moreover, the defendant only cemented the notion that he was not amenable to supervision alone. In a state prison setting, on the other hand, he will not have ready access to the vice he now asserts is his weakness and will be able to participate in the rehabilitative services offered to DOC inmates.

Whether or not the defendant takes advantage of the programs available to help him overcome the addiction he now claims to have, though, the record reflects that the Court's sentence was appropriately fashioned to address his violations and the apparent lack of self-motivation and self-control which they evidenced, as well as to restrain him from further public menace.

Trial Ct. Op., 2/9/17, at 1-2 (citations to the sentencing transcript and footnote omitted).

We discern no error of law or abuse of discretion in the court's analysis. The court concluded that the revocation of Appellant's probation was necessary to vindicate the authority of the court and secure the safety of the public. 42 Pa.C.S. § 9771(c). Appellant's repeated violations of his probation, even after a prior revocation, demonstrate a failure to take advantage of the court's rehabilitation efforts or to "appreciate the seriousness of the situation." *Malovich*, 903 A.2d at 1254; *see also Colon*, 102 A.3d at 1044-45. We do not find Appellant's sentence of ten to twenty

_____

[11] Appellant testified at sentencing that he was a drug addict, and requested placement in the State Intermediate Punishment Program. Although Appellant had never previously admitted in court to having a drug problem, he claimed that he had failed urine tests during probation. N.T. *Gagnon* II Hr'g, 9/21/16, at 3-4.

years' incarceration to be manifestly excessive or unreasonable given the facts stated above.[12]

Finally, the trial court adequately stated its reasons for its sentence. **See** 42 Pa.C.S. § 9721(b). A sentencing court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Colon**, 102 A.3d at 1044. The trial court complied with this directive.

For these reasons, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/30/2017

_____

[12] We note that Appellant actually received two consecutive sentences of three-to-six years and one consecutive sentence of four-to-eight years; the court has discretion to impose consecutive sentences, and Appellant "is not entitled to a volume discount for his crimes." **Commonwealth v. Swope**, 123 A.3d 333, 341 (Pa. Super. 2015).