J-A24030-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LERIN JOVAN DUKES | |
| Appellant | No. 123 WDA 2017 |

Appeal from the Judgment of Sentence Dated December 15, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011439-2014
CP-02-CR-0013164-2013
CP-02-CR-0013166-2013

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.: FILED NOVEMBER 21, 2017

Appellant Lerin Jovan Dukes appeals from the judgments of sentence imposed on the above three docket numbers following the revocation of his sentences of probation. All three cases involve assaults by Appellant on the same victim, his wife. We affirm.

On February 10, 2014, Appellant pleaded guilty to one count of simple assault[1] at docket number CP-02-CR-00013164-2013 and one count of simple assault at docket number CP-02-CR-00013166-2013, pursuant to a plea agreement with the Commonwealth. Appellant was sentenced to serve two concurrent terms of two years' probation.[2] Appellant filed no post-

_____

[1] 18 Pa.C.S. § 2701(a)(1).

[2] Pursuant to the plea agreement, Appellant's other charges were withdrawn. The conditions of Appellant's probation included that he was to have no
(Footnote Continued Next Page)

sentence motions or direct appeal. On December 15, 2014, Appellant pleaded guilty to another count of simple assault at docket number CP-02-CR-00011439-14 in accordance with a plea agreement. He was sentenced to serve two years' probation.[3] Appellant filed no post-sentence motions or direct appeal.[4]

On August 13, 2015, following a violation of his probation,[5] Appellant was resentenced on each docket. The court imposed concurrent sentences of sixteen days' incarceration (with credit for the sixteen days he had spent incarcerated prior to sentencing), followed by two years' probation on each charge.[6] The court stated "If you come back because you have assaulted this woman again, I'm going to send you to the State." N.T., 8/13/15, at 3. Appellant filed no post-sentence motions or direct appeal.

(Footnote Continued) ————————————
violent contact with the victim and to successfully complete a batterer's intervention program.

[3] Again, Appellant's other charges were withdrawn, and again Appellant was ordered to have no violent contact with the victim.

[4] The record does not indicate that a pre-sentence investigation report was completed or considered prior to any of Appellant's initial sentences.

[5] Appellant's probation was revoked due to new allegations of abuse against his wife and his consumption of alcohol while on probation.

[6] In conjunction with his probation, Appellant was ordered to have no contact with the victim; to undergo drug, alcohol, and mental health evaluations; and to successfully complete a batterer's intervention program.

On December 15, 2016, after Appellant was convicted of again assaulting his wife,[7] a hearing was held regarding Appellant's violations of probation. Prior to the hearing, the court obtained a pre-sentence investigation report. See N.T., 12/15/16, at 4, 12.[8]

At the hearing, a representative from Allegheny County Adult Probation and Parole[9] testified that in September 2015, that office had received text messages from the victim, stating that she feared for her life; she thereafter filed a police report, and a violation of probation warrant was issued for Appellant. In October 2015, Appellant failed to appear before the court for a domestic violence review hearing, and a bench warrant was issued. Appellant was detained on both warrants in November 2015, and was released to alternative housing at Renewal Center in December 2015.[10] In February 2016, the victim reported that Appellant had raped her. Id. at 2-4. At his trial, however, the victim recanted the rape allegation, and, as a

_____

[7] The convictions were adjudicated at Docket No. CP-02-CR-0003643-2016 and are not before us in this appeal. Appellant was convicted of both sexual assault, 18 Pa.C.S. § 3424.1, and simple assault. He was found not guilty of rape by forcible compulsion, unlawful restraint, and terroristic threats. He was sentenced on November 8, 2016, to serve approximately one to two years' incarceration (with credit for 365 days' served), five years' probation, and was required to enter "lifetime registration" as a sex offender. Appellant has appealed these convictions to this Court at No. 1951 WDA 2016.

[8] The report was not made part of the certified record.

[9] The person who testified was not Appellant's probation officer. N.T. at 12/15/16, at 2.

[10] The court signed an order granting transfer to alternative housing on December 1, 2015.

- 3 -

result, he was found not guilty of that charge. Through counsel at Appellant's probation violation hearing, the victim requested leniency from the court in resentencing Appellant so that he could rejoin his family, and stated that he has "job opportunities out there." Id. at 4-9. Appellant apologized to the court, admitted that he "messed up" being a husband, and that he "put [the victim] through a lot." Id. at 11. Appellant told the court that he had a job while he was living at Renewal Center, and had been about to start school before his incarceration. Id. at 12.

The court found that Appellant violated his probation. Prior to imposing sentence, the court stated:

> I think the only thing you can do for her is to leave her alone. And I asked you to do that before, you violated my no contact order and went and had sex with her. It is not like you went and just hit her again, you -- I have been supervising you since 2014. There are four cases with the same victim. There is a no contact order.
>
> You are totally in technical non-compliance. I mean, you haven't done anything right on that.[11]
>
> I did give you a chance, I put you in Renewal. You were there for a little while, you left and then sexually assaulted the same woman. She did [state to a probation officer] that she fears for her life, as she should, because I think eventually if I let you out, you are going to kill her. . . .
>
> I see no evidence of rehabilitation. I had you in treatment. You are a convicted violator for sexual assault. You had been in and out of jail before, you have never done well. And you

_____

[11] As Appellant had been ordered to have no contact with the victim, the incident underlying the new offense constituted a technical violation of the terms of Appellant's probation, as well as a new conviction.

committed this last offense while you were in alternative housing. . . .

You beat her every chance you can. How many times do you get to beat the same woman? I have got you down for five. Or get to assault the same woman? I mean, you know, one we can kind-of overlook thinking maybe you lost your temper. But five, I can't overlook that.

Id. at 11-14. Appellant's probation was revoked and he was sentenced to three consecutive terms of one to two years' incarceration,[12] for an aggregate of three to six years. Id. at 15.[13]

On December 16, 2016, Appellant filed a motion to reconsider the sentences on the basis that they were excessive, that the court failed to consider his rehabilitative needs, and that his wife had recanted her allegations of rape at the violation hearing and in the presentence investigation report. The court denied the motion on January 5, 2017.[14]

On January 13, 2017, Appellant filed notice of appeal, and raises the following issue:

Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially [Appellant's] character and rehabilitative needs, as required under 42 Pa.C.S.A. § 9721(b) (Sentencing Generally; General Standards)[?]

_____

[12] The maximum sentence allowable on each count for which Appellant was convicted is two years' incarceration. See 18 Pa.C.S. §§ 2701(b), 1104(b).

[13] He was also ordered to have no contact with the victim.

[14] The order was dated January 4, 2017.

Appellant's Brief at 6. To the extent that Appellant's argument on appeal raises issues that he did not raise before the trial court in his post-sentence motion, they are waived. See Pa.R.A.P. 302 (issues cannot be raised for the first time on appeal). We therefore consider only Appellant's argument that the trial court failed to adequately consider his rehabilitative needs, and that this resulted in an excessive sentence. See Commonwealth v. Tejada, 107 A.3d 788, 799 (Pa. Super.), appeal denied, 119 A.3d 351 (Pa. 2015).

Appellant challenges only the discretionary aspects of his sentence.[15] Initially, we note that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Commonwealth v. Cartrette, 83 A.3d 1030, 1034 (Pa. Super. 2013) (en banc). Nevertheless, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." Commonwealth v. Solomon, 151 A.3d 672, 676 (Pa. Super. 2016), appeal denied, 168 A.3d 1265 (Pa. 2017). "Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal." Commonwealth v. Haynes, 125 A.3d 800, 806-07 (Pa. Super. 2015) (citation omitted), appeal denied, 140 A.3d 12 (Pa. 2016). We will exercise our discretion to consider such a petition only if (1) the appellant has filed a timely notice of appeal; (2) he has preserved the

_____

[15] Appellant does not argue that his sentences' length exceeded the statutory maximum.

sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure, pursuant to Commonwealth v. Tuladziecki, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." See, e.g., Haynes, 125 A.3d at 807.

Here, Appellant has satisfied the first three requirements of the four-part test: Appellant filed a timely appeal, preserved the issue in a motion to reconsider, and included in his appellate brief a concise statement of the reasons for which he seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure. See Appellant's Brief at 16-21. Thus, we must next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the trial court's sentence. See Haynes, 125 A.3d at 807. "The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Sierra, 752 A.2d 910, 912-13 (Pa. Super. 2000).

Appellant argues that the court failed to consider that Appellant took responsibility for the underlying offenses and his family support, his employment, and his educational history; according to Appellant, "[t]hese factors lend themselves to promoting rehabilitation and help to identify [Appellant's] rehabilitative needs." Appellant's Brief at 19-20. Appellant claims that the trial court's failure to consider his rehabilitative needs as mandated by 42 Pa.C.S.A. § 9721(b) presents a substantial question. Id. at 20. Appellant also claims that the imposition of consecutive one-to-two year sentences (the maximum sentences) was excessive in light of the criminal conduct at issue, and that this excessiveness also raises a substantial question. Id. at 19-21.

We have previously held that "the failure to consider Section 9721(b) factors . . . present[s] a substantial question for our review of the discretionary aspects of sentences imposed for violations of probation." Commonwealth v. Derry, 150 A.3d 987, 999 (Pa. Super. 2016); id. at 992-95 (interpreting Commonwealth v. Pasture, 107 A.3d 21 (Pa. 2014) and reconciling with Cartrette, 83 A.3d 1030 (Pa. Super. 2013)). We have also stated that "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." Id. at 995 (quotation marks and citation omitted). Moreover, we have found that a claim that a sentence is excessive in conjunction with a claim that a court failed to consider rehabilitative needs presents a substantial question. See

Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015).

Accordingly, we address the merits of Appellant's claims.

We review Appellant's sentence pursuant to the following standard:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Sierra, 752 A.2d at 913 (quotation marks and citations omitted).

Appellant argues that —

 . . . the [t]rial [c]ourt was made aware that [Appellant] took responsibility for his actions leading to his technical violations[16] and that he wanted to be a better father. . . . [Appellant] had significant support within the community from his family, his job opportunities, and pledged his compliance. These factors are key: his family support and employment history indicate that [Appellant] can succeed in rehabilitation. They also gave the [t]rial [c]ourt a framework for [Appellant's] rehabilitative needs. Nonetheless, the [t]rial [c]ourt apparently did not consider any of these facts, as no discussion appears on the record, even though all of these facts show [Appellant] has the tools to be a productive member of society.

Appellant's Brief at 27 (citation to the record omitted). Appellant also

complains that his sentence was unreasonably harsh, because "[t]he point of

_____

[16] Appellant suggests that he should have been sentenced only for his technical violations, and not with consideration of his new conviction, as that conviction is under appeal. Appellant admits that he has waived this argument by failing to raise it in his Rule 1925(b) statement. See Appellant's Brief at 29 n.6. Because of the waiver, we do not address this issue.

probation revocation is not to punish a defendant who the [t]rial [c]ourt believes received too light of a punishment previously." Id. at 28.

Revocation of probation is governed by Section 9771 of the Sentencing Code, which states in pertinent part:

> (b) Revocation.—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(b), (c). Unlike an originally imposed sentence, a sentence following a revocation of probation need not consider the ranges suggested by the sentencing guidelines, but only the statutory maximum. Derry, 150 A.3d at 993. However, a sentence following a revocation of probation must also reflect a consideration of the factors set forth in Section 9721(b) (including a defendant's rehabilitative needs), see id. at 994–95, [17] and

---

[17] Under Section 9721(b) of the Sentencing Code,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the

(Footnote Continued Next Page)

those factors set forth in Section 9725. Commonwealth v. Schutzues, 54 A.3d 86, 93 (Pa. Super. 2012), appeal denied, 67 A.3d 796 (Pa. 2013).[18] Ultimately, "The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." Commonwealth v. Carver, 923 A.2d 495, 498 (Pa. Super. 2007) (citation omitted).

(Footnote Continued) ————————————
 protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

[18] Section 9725 provides:

 The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

 (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

 (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

 (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

Although the record must reflect that the sentencing court considered the appropriate factors when fashioning a sentence, the court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question." Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa. Super.), appeal denied, 13 A.3d 475 (Pa. 2010). Moreover, "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Macias, 968 A.2d 773, 778 (Pa. Super. 2009). As long as the appropriate factors were considered by the trial court, an appellate court is not permitted to re-weigh the sentencing factors in the trial court's stead and decide the sentence anew. See Commonwealth v. Williams, 69 A.3d 735, 742 (Pa. Super. 2013), appeal denied, 83 A.3d 415 (Pa. 2014).

Regarding a sentence's length, "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." Pasture, 107 A.3d at 28. Nor does the court necessarily abuse its discretion when imposing consecutive sentences, because a defendant "is not entitled to a volume discount for his crimes." Swope, 123 A.3d at 341.

Here, the trial court stated that it "clearly placed ample reasons for its sentence on the record" and that the sentence did not violate the guidelines

"either due to its length or the reasons contained in the record for its imposition." Trial Ct. Op., 5/5/17, at 5. We agree.

The record reflects that the court duly considered Appellant's rehabilitative needs pursuant to Section 9721(b), both by its consideration of the pre-sentence investigation report and through its remarks during the sentencing hearing. Nor can we conclude that Appellant's sentence was excessively harsh, given the recurring assaults by Appellant and his previous lenient sentences. We cannot alter the weight given by the court to this factor in relation to the other factors considered by the court, including, for example, the protection of the public, the gravity of the offense, and vindication of the court's authority. Despite Appellant's alleged potential and ongoing need for rehabilitation, the trial court aptly concluded that probation had not proven to be an effective vehicle to accomplish rehabilitation or a sufficient deterrent against future antisocial conduct, and it revoked Appellant's probation accordingly. We defer to the discretion of the trial court and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017

- 13 -