J-S62015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH SCOTT LECHLINSKI | |
| Appellant | No. 646 MDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0001167-2016

BEFORE:  STABILE, MOULTON, and STRASSBURGER[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 26, 2017**

Appellant, Joseph Scott Lechlinski, appeals from the March 20, 2017 judgment of sentence entered in the Court of Common Pleas of Adams County ("trial court") following his open guilty pleas to fleeing or attempting to elude a police officer, and driving under the influence of alcohol.[1]  Counsel for Appellant has filed a brief in accordance with **Anders v. California**, 368 U.S. 738 (1969) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), concurrently with an application to withdraw as counsel.  Following review, we grant counsel's application for leave to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3733(a) and 3802(a)(1), respectively.

The trial court summarized the factual and procedural history of the matter as follows.

> On August 14, 2016 at approximately 5:43 P.M., Officer Brian Wheeler of the McSherrystown Borough Police Department was patrolling the 500 block of North Street. Officer Wheeler observed Appellant leave his residence, get into a 2000 black Saturn bearing Pennsylvania registration JZJ4229, and drive east on North Street. Appellant had outstanding warrants, so Officer Wheeler attempted to perform a vehicle stop in the alley near North Street between North 5th Street and North 6th Street. Officer Wheeler activated his emergency lights, and pursued Appellant. Appellant drove recklessly and carelessly at a high rate of speed nearly striking several pedestrians and occupied vehicles. Two officers from Conewago Township Police Department assisted Officer Wheeler with pursuing Appellant. Appellant fled through multiple streets throughout McSherrystown Borough and Conewago Township, failing to stop at stop signs, use turn signals, enter intersections safely, and maintain a single lane of travel. Appellant also drove his vehicle through the property of a private citizen in the 600 block of South Street. When police were finally able to stop appellant, Appellant resisted arrest. Officer Wheeler suspected that Appellant was intoxicated as Appellant showed signs of general impairment, including having an odor of alcohol emanating from his person. Officer Wheeler placed Appellant under arrest on suspicion of driving under the influence. Officer Wheeler transported Appellant to Hanover Hospital where he read the DL-26 Form to Appellant. Appellant stated he understood but refused to sign the DL-26 Form.
>
> On December 15, 2016, Appellant entered open guilty pleas to count 1, fleeing or attempting to elude a police officer, as a felony of the third degree, and count 11, driving under the influence of alcohol, as an ungraded misdemeanor. On March 20, 2017, Appellant was sentenced as follows: on count 1, Appellant was sentenced to serve no less than eleven (11) and one half (1/2) months nor more than twenty-three (23) months twenty-nine (29) days partial confinement at the Adams County Adult Correctional Complex followed by three years of probation to run consecutively to any other sentence Appellant may be serving. On count 11, Appellant was sentenced to serve no less than five (5) days nor more than six (6) months partial confinement at the Adams County Adult Correctional Complex running concurrently

with the sentence on count 1 but consecutively to any other sentences Appellant may be serving. On March 21, 2016, Appellant filed a post-sentence motion requesting [the trial court] to amend the March 21, 2017 sentencing order to allow for Appellant to serve a sentence of sixty (60) months in the intermediate punishment program with twelve (12) months restrictive on count 1 and a sentence of six (6) months in the intermediate punishment program with five (5) days restrictive on count 11. On March 23, 2017, [the trial court] denied Appellant's post-sentence motion in its entirety. Appellant field his notice of appeal and concise statement of errors complained of on appeal on April 18, 2017[,] and May 2, 2017[,] respectively.

Trial Court Opinion, 5/3/17, at 1-3 (footnotes and some capitalization omitted). The trial court issued a Pa.R.A.P. 1925(a) opinion on May 3, 2017. Appellant's counsel filed, in this Court, an application to withdraw as counsel and an *Anders* brief on July 18, 2017, wherein counsel raises one issue for our review.

    I.    Whether the [trial court] abused its discretion in sentencing [Appellant] to no less than eleven and one half months to no more than twenty three months twenty nine days after hearing mitigating arguments.

Appellant's Brief at 6.

Prior to addressing the merits of the underlying issues, this Court must first address counsel's application to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the

defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting

*Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review of counsel's *Anders* brief, we conclude counsel has satisfied the procedural requirements set forth in *Anders*. In the brief, counsel explains his conclusion that the sentencing issue sought to be raised by Appellant is frivolous. Further, Counsel sent Appellant a letter, attached to a copy of his *Anders* brief, advising Appellant of his right to retain new counsel or act on his own behalf.

Because we find that counsel has complied with the procedural requirements of *Anders*, this Court must address whether counsel's satisfied the following substantive requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case which includes the procedural history of the case along with citations to the record. *Anders* Brief at 7-8. Thus, counsel has complied with the first requirement.

The second requirement is to reference anything in the record that counsel believes arguably supports the appeal. *See Santiago*, 978 A.2d at 361. Here, counsel raises one issue: "[w]hether the trial court abused its discretion in sentencing [Appellant] to no less than eleven and one half months to no more than twenty three months twenty nine days consecutive to his revocation matter in York County." *Anders* Brief at 12. Counsel, therefore, has satisfied the second *Anders* requirement.

The final substantive requirements of *Anders* are for counsel to state his conclusion that the appeal is frivolous and provide his reasons for concluding that the appeal is frivolous. *Santiago*, 978 A.2d at 361. Counsel complied with these requirements and satisfied the final prongs of the *Anders* test. *Anders* Brief at 12-14.

As we find counsel has satisfied the requirements for a petition to withdraw, we must address the substantive issues raised by Appellant. Appellant's underlying claim is a challenge to the discretionary aspects of sentencing. *Anders* Brief at 12. Prior to addressing the merits of a challenge to the discretionary aspects of sentencing, we must first

> conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Grays*, 167 A.3d 793, 815-16 (Pa. Super. 2017) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)) (alteration in original). Although Appellant filed a timely notice of appeal, and his brief contains a Rule 2119(f) statement, he failed to preserve his sentencing issue in his post-sentence motion. We long have held that objections to the discretionary aspects of sentencing are waived, if they are not raised at sentencing or in a post-sentence motion. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings."), *appeal denied*, 75 A.3d 1281 (Pa. 2013). Accordingly, Appellant's claim is waived. Even if we were to address this issue for review, we still would have to determine whether Appellant has raised a substantial question.

An appellant must raise "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code" in order to challenge the discretionary aspects of sentencing. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015). In the matter *sub judice*, Appellant claims that the trial court did not consider sufficiently the mitigating circumstances in this case.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)). Further, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id.* at 903 (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)). Thus, Appellant's claim does not raise a substantial question for our review; however, we will still address the merits of his claim.

This Court's standard of review for a challenge to the discretionary aspects of sentencing is well established.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Solomon*, 151 A.3d 672, 677 (Pa. Super. 2016) (quoting *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (additional citations omitted)). "Where the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). As counsel

- 7 -

noted in his **Anders** brief, the trial court sentenced Appellant to a standard range sentence, had the benefit of a PSI, and explained his decision on the record. Thus, Appellant's claim fails.

After determining that counsel has complied with the technical requirements of **Anders** and **Santiago**, this Court must "conduct an independent review of the record to discern if there are any additional non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015). Upon review of the record, we do not discern any non-frivolous issues that Appellant could have raised. Thus, we grant counsel's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date 12/26/2017